# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2517

UNITED STATES OF AMERICA

v.

BRIAN J. ALBELLI, a/k/a BRIAN ALBELLI,
                                        Appellant

_____

Appeal from the U.S. District Court, M.D. Pa.
Judge Malachy E. Mannion, No. 3:23-cr-00197-001

Before: RESTREPO, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted Pursuant to Third Circuit L.A.R. 34.1(a) June 12, 2026
Decided: June 17, 2026
_____

NONPRECEDENTIAL OPINION[*]

MONTGOMERY-REEVES, *Circuit Judge*.

Brian Albelli appeals the District Court's decision to impose a two-level sentencing enhancement under the United States Sentencing Guidelines (the "Guidelines") for carrying out a fraud by "sophisticated means." For the reasons below, we will affirm.

Between 2020 and 2021, Albelli obtained $2,232,077 in COVID-19 stimulus funds by filing fraudulent loan applications with the U.S. Small Business Administration. He used various bank accounts, including dormant accounts linked to fictitious businesses, at multiple financial institutions to apply for and receive the funds. After getting caught, Albelli pleaded guilty to one count of wire fraud, 18 U.S.C. § 1343, and one count of money

_____

[*] This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

laundering, 18 U.S.C. § 1956(a)(1)(B)(i).

The Probation Office calculated Albelli's total-offense level at 22. But the Government sought a two-level enhancement based on Albelli's alleged use of a "fraudulent scheme" through "sophisticated means" (the "Enhancement"). U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 2B1.1(b)(10)(C) (U.S. Sent'g Comm'n 2024). The District Court found that Albelli's use of numerous, sometimes dormant, bank accounts to carry out his scheme was sophisticated and demonstrated a clear intent to avoid detection. So it applied the Enhancement but sentenced Albelli to a below-Guidelines sentence of 48 months.

On appeal, Albelli contends that the District Court clearly erred in applying the Enhancement.[1] Albelli maintains that his use of legal, preexisting business accounts to carry out his scheme was not sophisticated because "all roads led back to Albelli." Opening Br. 19. The Government responds that the District Court did not clearly err in concluding that Albelli's use of real and dormant businesses to secure nearly 20 loans from multiple banks fell within the Enhancement's reach.

We agree with the Government.[2] "Determining whether a defendant employed sophisticated means . . . involve[s] considering factors like the duration of a scheme, the

---

[1] We review the District Court's application of an enhancement for clear error where—as here—the facts underlying a Guidelines determination are not in dispute. *United States v. Fountain*, 792 F.3d 310, 318 (3d Cir. 2015). "Clear error exists only if the district court's ruling was 'completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data.'" *United States v. Soto*, 122 F.4th 503, 507–08 (3d Cir. 2024) (quoting *United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007)).

[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The District Court had jurisdiction under jurisdiction under 18 U.S.C. § 3231.

number of participants, the use of multiple accounts, and efforts to avoid detection." *Fountain*, 792 F.3d at 319. Generally, the Enhancement is appropriate "where a defendant's conduct 'shows a greater level of planning or concealment than a typical fraud of its kind.'" *Id.* (quoting *United States v. Fumo*, 655 F.3d 288, 315 (3d Cir. 2011)). The relevant commentary defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense," which might involve "fictitious entities, corporate shells, or offshore financial accounts." U.S.S.G. § 2B1.1 cmt. n.9(B).[3]

The District Court did not clearly err in applying the Enhancement. Albelli used nine different businesses to illicitly collect funds, some of which were linked to fictitious companies. In doing so, he used multiple bank accounts in a one-year time span, and at least three different individuals signed the loan applications. And while these businesses and accounts were preexisting,[4] the District Court did not clearly err in concluding that Albelli's efforts to evade detection—including the use of multiple participants, accounts, and fictitious entities in his scheme—outweighed this fact. *Fountain*, 792 F.3d at 319; U.S.S.G. § 2B1.1 cmt. n.9(B).

Thus, we will AFFIRM.

---

[3] Albelli urges us to consider the Commentary in assessing whether the Enhancement applies. We assume, without deciding, that we can turn to the Commentary as requested because doing so does not affect the outcome of this appeal.

[4] Albelli provides no authority suggesting the use of preexisting accounts prevents the application of the Enhancement.